IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JEFFREY LYNN PHELPS, )
  )
      Plaintiff, )
  )
vs. ) Case No. 15-cv-692-TLW
  )
NANCY A. BERRYHILL,[1] )
Acting Commissioner of Social Security, )
  )
  )
      Defendant. )

## OPINION AND ORDER

Plaintiff Jeffrey Lynn Phelps seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 9). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

### ISSUES

Plaintiff argues (1) that the ALJ erred in weighing the opinions of three of plaintiff's treating physicians; and (2) that the ALJ made improper credibility findings. (Dkt. 15).

### STANDARD OF REVIEW

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial

---

[1] Effective January 23, 2017, Nancy A. Berryhill has replaced Carolyn W. Colvin as Acting Commissioner of the Social Security Administration and should be substituted as defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).

evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## ANALYSIS

### Medical Opinion Evidence

Plaintiff argues that the ALJ erred in addressing the opinions of three treating physicians: Dr. Anderson Mehrle, a cardiologist; Dr. Michael Bumpus, a family practitioner; and Dr. Thomas Britt, an emergency physician. (Dkt. 15). Plaintiff contends that the ALJ did not assign a weight to the opinions but implicitly gave them little weight. Id. Plaintiff asserts that the ALJ should have given controlling weight to all three opinions, or, alternatively, that the ALJ did not properly consider the factors in weighing the opinions. Id.

Ordinarily, a treating physician's opinion is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2); see also Hackett v. Barnhart, 395 F.3d at 1173-74 (citing Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003)). If the ALJ discounts or rejects a treating physician opinion, he is required to explain his reasoning for so doing. See Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.

2

1987) (stating that an ALJ must give specific, legitimate reasons for disregarding a treating physician's opinion); Thomas v. Barnhart, 147 F. App'x 755, 760 (10th Cir. 2005) (holding that an ALJ must give "adequate reasons" for rejecting an examining physician's opinion and adopting a non-examining physician's opinion).

The analysis of a treating physician's opinion is sequential. First, the ALJ must determine whether the opinion qualifies for "controlling weight," by determining whether it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and whether it is consistent with the other substantial evidence in the administrative record. Watkins, 350 F.3d at 1300. If the answer is "no" to the first part of the inquiry, then the analysis is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. Id. "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

However, even if the ALJ finds the treating physician's opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the record, treating physician opinions are still entitled to deference and must be evaluated in reference to the factors enumerated in 20 C.F.R. § 416.927. Those factors are as follows:

> (1) the length of the treating relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed, (3) the degree to which the physician's opinion is supported by relevant evidence, (4) consistency between the opinion and the record as a whole, (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Watkins, 350 F.3d at 1301 (citing Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001)). The ALJ must give good reasons in his decision for the weight he ultimately assigns the opinion.

Id. (citing 20 C.F.R. § 404.1527(d)(2)). The reasons must be of sufficient specificity to make clear to any subsequent reviewers the weight the adjudicator gave to the treating physician's opinion and the reasons for that weight. See Anderson v. Astrue, 319 F. App'x 712, 717 (10th Cir. 2009) (unpublished).

Contrary to plaintiff's assertion, the ALJ did assign a specific weight to two of the three opinions. The ALJ gave "little to no weight" to the opinion of Dr. Bumpus and "no weight" to the opinions of Dr. Britt. (R. 34, 37). The ALJ did not assign a weight to the opinion of Dr. Mehrle, but it is clear from his analysis that he also gave no weight to that opinion. (R. 38).

Dr. Bumpus submitted a questionnaire in December 2013. (R. 635-44). In it, he stated that he treated plaintiff between 2010 and November 2013, and he opined that plaintiff could not work. Id. He cited plaintiff's chart and treatment notes in support of his opinion but did not list any specific tests or examinations. Id. Dr. Bumpus stated that plaintiff experienced constant, severe pain and could not maintain his neck in a position which would allow him to work full-time. Id. Dr. Bumpus stated that plaintiff's symptoms existed on his alleged disability onset date of October 29, 2012. Id.

Dr. Britt submitted an undated questionnaire addressing plaintiff's physical impairments and an April 2015 questionnaire addressing plaintiff's mental impairments. (R. 702-06, 707-11). Dr. Britt testified that he treated plaintiff between August 2014 and March 2015. Id. Plaintiff's impairments included chronic chest pain, degenerative disc disease, and depression. Id. Dr. Britt opined that plaintiff could stand/walk less than one hour in an eight-hour workday and alternate sitting and standing every hour. Id. Dr. Britt also opined that plaintiff can only lift five pounds, has significant limitations in the use of his hands and arms, needs to elevate his legs often, and needs multiple, unscheduled thirty-minute breaks in order to get through an eight-hour workday. Id. With

4

respect to plaintiff's mental impairments, Dr. Britt opined that plaintiff would have mild or moderate limitations in almost every category and would miss three days per month due to his mental limitations. Id. Dr. Britt stated that plaintiff's symptoms dated back to his alleged disability onset date of October 29, 2012. Id.

Dr. Mehrle submitted a questionnaire in April 2015, stating that he had treated plaintiff between August 2009 and November 2014. (R. 677-82). Dr. Mehrle saw plaintiff three times per year for several cardiac conditions. Id. Dr. Mehrle opined that plaintiff experiences severe chest pain four to five times per week, with the pain occasionally lasting all day. Id. The pain is triggered by activity but also occurs when he is at rest, and medication does not always help. Id. He opined that plaintiff could sit for four hours and stand/walk for two hours in an eight-hour workday. Id. Plaintiff would also need six to ten breaks in an eight-hour work day, with each break lasting fifteen to thirty minutes. Id. Stress exacerbates his symptoms. Id. Dr. Mehrle noted that plaintiff's symptoms dated back to his alleged disability onset date of October 29, 2012. Id.

In analyzing each of these opinions, the ALJ described the contents of the reports in detail. (R. 33-38). He also described in great detail the treatment notes for each of the treating physicians. Id. The ALJ then determined that each of those opinions was inconsistent with the treatment notes, citing specific evidence in the treatment notes that contradicted the severe restrictions in the opinions. Id. The ALJ also discounted those portions of the opinions that addressed issues not within the doctors' area of expertise. Id. Where applicable, the ALJ noted that plaintiff's length, frequency, and scope of treatment was inconsistent with the severity of the limitations described in the opinions. Id.

Put simply, the ALJ gave specific, legitimate reasons for discounting the questionnaires submitted by each of the three treating physicians. Thus, the ALJ's decision to reject the opinions of Drs. Bumpus, Britt, and Mehrle is supported by substantial evidence.

**Credibility**

Plaintiff argues that the ALJ did not conduct a formal credibility analysis. (Dkt. 15). Plaintiff also argues that the ALJ's reliance on plaintiff's self-limiting activities of daily living and a single set of testing on plaintiff's spine is inadequate to constitute proper credibility findings. Id. Plaintiff further contends that the ALJ ignored plaintiff's twenty-five-year work history, which should have been cited as evidence that enhances his credibility. Id.

This Court will not disturb an ALJ's credibility findings if they are supported by substantial evidence because "[c]redibility determinations are peculiarly the province of the finder of fact." Cowan v. Astrue, 552 F.3d 1182, 1190 (10th Cir. 2008) (citing Diaz v. Secretary of Health & Human Svcs., 898 F.2d 774, 777 (10th Cir. 1990)). Credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Id. (citing Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted)). The ALJ may consider several factors in assessing a claimant's credibility, including "the levels of medication and their effectiveness, the extensiveness of the attempts . . . to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, . . . and the consistency or compatibility of nonmedical testimony with objective medical evidence." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

In finding plaintiff not entirely credible, the ALJ noted that plaintiff's testimony regarding his limited activities of daily living was not consistent with his own doctors' recommendations to take regular exercise. (R. 38). The ALJ also noted that the objective medical testing and

examination findings showed no cause for plaintiff's complaints of disabling pain, citing x-rays that showed mild degenerative changes and examinations in which plaintiff had normal range of motion without pain. Id. The ALJ also cited to the other objective medical evidence in the record that he had previously discussed. Id.

Although the ALJ's discussion of plaintiff's credibility is not extensive and could have included additional discussion of the medical evidence upon which the ALJ relied, the ALJ performed the "essential function" of a credibility analysis. Keyes-Zachary v. Astrue, 695 F.3d 1156, 1170 (10th Cir. 2012). Taking the ALJ's decision as a whole, it is clear that the ALJ relied heavily on the medical evidence he discussed earlier in the decision in finding plaintiff not entirely credible. (R. 38). The ALJ did note that plaintiff's impairments would cause some difficulty but would not prevent him from performing light work with environmental restrictions. (R. 29, 38). Plaintiff's argument is an invitation to re-weigh the evidence, something the Court cannot do. See Hackett, 395 F.3d at 1172; White, 287 F.3d at 908.

## CONCLUSION

For the foregoing reasons, the ALJ's decision finding plaintiff not disabled is hereby AFFIRMED.

SO ORDERED this 31st day of March, 2017.

_____
T. Lane Wilson
United States Magistrate Judge